IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE THOMAS BJORN,<br><br>    Petitioner,<br><br>  vs.<br><br>D. ADAMS, Warden,<br><br>    Respondent. | No. C 09-2630 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket Nos. 6, 7) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. Petitioner has filed motions to proceed *in forma pauperis (*docket nos. 6, 7), which are now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after a jury trial in Santa Cruz County Superior Court of multiple sex offenses. He was sentenced by the court to 24 years in state prison in 2004. Petitioner's appeal to the California Court of Appeal was denied in 2006 and his petition for review in the California Supreme Court was denied in 2007. However, it is unclear from the petition whether the claims raised therein have been exhausted in the state courts. Petitioner filed the instant federal habeas petition in this Court on June 12, 2009.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

Petitioner raises the following ground for relief: (1) his right to compulsory process was denied by his counsel's failure to call witnesses; (2) pre-accusation delay violated his due process and speedy trial rights; (3) he was denied effective assistance of counsel; (4) his procedural due process rights were violated; (5) the admission of hearsay violated his confrontation clause rights; (6) his conviction violates the Ex Post Facto clause; (7) his sentence to the upper term violates his Sixth Amendment rights; and (8) prosecutorial misconduct in presenting false testimony. Petitioner's claims regarding the probable cause affidavit in support of the search warrant do not present a claim for relief. *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir.), *cert. denied*, 464 U.S. 933 (1983). Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on the claims set forth above. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and

2

all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

      2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

      3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

      4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: <u>October 26, 2009</u>

                                         JEFFREY S. WHITE
                                         United States District Judge

|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE |
| | NORTHERN DISTRICT OF CALIFORNIA |

LEE T BJORN,

        Plaintiff,

  v.

WARDEN et al,

        Defendant.
                                         /

Case Number: CV09-02630 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 26, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lee Thomas Bjorn Prisoner Id V-50565
Corcoran State Prison
P.O. Box 3471
Corcoran, CA 93212

Dated: October 26, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk