UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEE THOMAS BJORN, | No. C 09-2630 JSW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| D. ADAMS, Warden, | |
| Respondent. / | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

**BACKGROUND**

In 2004, a Santa Cruz County Superior Court jury found petitioner guilty of nine counts of lewd and lascivious conduct with a child under 14, and the trial court sentenced petitioner to a total term of twenty-four years in state prison. Evidence presented at trial shows that between 1988 and 1991, petitioner sexually molested a nine-year old girl, L., the daughter of petitioner's co-worker. As grounds for federal habeas relief, petitioner alleges

1 that (1) his conviction violates the Ex Post Facto Clause; and (2) the imposition of the upper-
2 term sentence violates his Sixth Amendment rights.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

**DISCUSSION**

## I.  Ex Post Facto Clause

Petitioner claims that the criminal proceedings commenced after the statute of limitations period expired, therefore rendering his conviction constitutionally invalid. The relevant facts are as follows. Petitioner's crimes were committed between 1989 and 1991. (Ans., Ex. K at 2.) In 1991, L. reported the sexual abuse to Arizona law enforcement. (*Id.* at 3.) In 2000, she reported the sexual abuse to California law enforcement. (*Id.* at 5.) A California felony complaint was filed within one year after that. (*Id.* at 7.)

Petitioner was charged under the extended statute of limitations under California Penal Code § 803(g) ("Tolling or extension of time periods"), which, at the time of petitioner's conviction, provided that "a criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime [specified in the statute]." Prior to 1997, "California" did not appear in the statute.

Petitioner contends that at the time he committed the crimes, the one-year extension started on the date the victim reported the crime to *any* state law enforcement agency, not just to California ones. Because L. first reported the crimes in 1991, prior to the 1997 addition of "California," the one-year extension expired well before the California felony complaint was filed in 2000. (*Id.* at 6–7.) Therefore, his conviction, petitioner asserts, violates the Ex Post Facto Clause.

The state appellate court did not agree. That court found that the pre-1997 § 803(g) referred only to California law enforcement agencies. (*Id.* at 10.) Such determination is dispositive of petitioner's claim because this Court is bound by a state court's interpretation of its state's law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Accordingly, petitioner's claim is DENIED.

//

//

## II. Sentence

Petitioner claims that his sentence violates his Sixth Amendment rights as those rights are established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, which require that any fact used to increase a sentence beyond the statutory maximum must be submitted to a jury and found true beyond a reasonable doubt. The facts relevant to petitioner's claim are as follows:

> For purposes of determining whether to impose upper terms, the court instructed the jury to make findings on special allegations concerning potentially aggravating circumstances surrounding the commission of the offenses: whether (1) [petitioner] occupied a position of trust with respect to L.; (2) [petitioner] engaged in a plan to commit the charged offenses; and (3) L. was a particularly vulnerable victim.

(Ans., Ex. K at 35.) Petitioner contends that the jury was not instructed that it had to find the special allegations true beyond a reasonable doubt.

The state appellate court rejected this claim because the jury had been instructed properly:

> The trial court gave CALJIC No. 2.90, advising jurors that a defendant is presumed innocent until the contrary is proved, and the presumption places upon the prosecution the burden to prove guilt beyond a reasonable doubt. As noted, the sentencing allegations here involved circumstances naturally and closely related to the commission of the offenses that were not themselves elements of the offenses. Indeed, the factual bases for the elements of the offenses, which the jury found beyond a reasonable doubt, and the undisputed evidence concerning L.'s age at the time of the offenses and [petitioner]'s relationship to her unquestionably establish that [petitioner] occupied a position of trust, planned his offenses, and took advantage of a particularly vulnerable — i.e., young-victim.
>
> Given the close identity between the factual bases for the elements of the offenses and the factual bases for the special allegations and the jury's findings and verdict, we do not find a reasonable likelihood that in finding [petitioner] guilty, the jurors applied a lesser standard in determining the special allegation than it applied in determining the elements of the offenses themselves. Rather, we find that "the omission . . . was nonprejudicial since the court otherwise instructed on reasonable doubt." [Citation removed.]
>
> [Petitioner] notes that the court instructed the jury that it could consider evidence that [petitioner] committed other sexual offenses [on victims other than L.] for certain purposes, if it found by *a preponderance of the evidence* that the [petitioner] committed the other offenses." [Reference omitted.] He notes that the court also instructed the jury that it could use the other sexual offenses to corroborate L.'s allegations, if it found that there was "clear and

> convincing proof " of those offenses. (Italics added.) The court also defined preponderance of the evidence and clear and convincing proof. (*See* CALJIC No. 2.50.2.)
>
> [Petitioner] argues that these instructions conflicted with the reasonable doubt instruction and confused the jury concerning the standard applicable to the special sentencing allegations. However, the instructions that employed the preponderance-of-the-evidence and clear-and-convincing-evidence standards were both expressly limited to the use of one type of evidence in a narrow and specific context: determining whether [petitioner] committed other sexual offenses so that evidence of those other offenses could be considered for other purposes. Only the court's reasonable-doubt instruction directly and expressly related to whether [petitioner] engaged in the conduct underlying the criminal charges against him. Consequently, we do not find a reasonable likelihood that the other instructions confused the jury and led it to apply a lesser standard to the special allegations.

(*Id.* at 36–28.)

Petitioner has not shown that his constitutional rights were violated. First, the reasonable doubt instruction had general application, and was deviated from only in clearly specified instances, and not in the case of the special allegations. More specifically, the preponderance instructions were clearly limited to the jury's determination whether petitioner committed other sexual offenses, Ans., Ex. A at 674–75, and the clear and convincing instructions were limited to determining the sufficiency of corroborating evidence, *id.* at 689–90, while the reasonable doubt instructions applied to the jury's determination whether he committed the acts giving rise to the current criminal charges, *id.* at 684. Second, as the state appellate court reasonably determined, the similarity between the elements of the offenses and the special allegations dispelled any likelihood that the jury applied a lesser standard of proof. The record being such, there is nothing to indicate that the jury used anything other than the correct standard of proof. Accordingly, petitioner's claim is DENIED.

## CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is

5

DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: September 28, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LEE T BJORN,

        Plaintiff,

  v.

WARDEN et al,

        Defendant.

Case Number: CV09-02630 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lee Thomas Bjorn
Prisoner Id V-50565
P.O. Box 368
Chino, CA 91708

Dated: September 28, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk